UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JERRIE HINDS, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. 20 cv 7692 |
| RESPONDUS, INC., | ) ) ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(a), 1332(d), 1441, and 1446, Defendant Respondus, Inc. ("Defendant") hereby provides notice of removal of this action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division. In support of this Notice of Removal, Defendant states as follows:

### I. Threshold Requirements

1. On November 16, 2020, Plaintiff Jerrie Hinds ("Plaintiff") filed a putative class action complaint against Defendant in the Circuit Court of Cook County, Illinois, captioned *Jerrie Hinds v. Respondus, Inc.*, No. 2020-CH-06814 (the "State Court Action").

2. Defendant was served with a copy of the Complaint and Summons in the State Court Action through their registered agent on November 24, 2020.

3. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b)(1) because it is filed within 30 days of the date that Defendant was served with the initial pleading.

4. Pursuant to 28 U.S.C. § 1446(a), all process, pleadings, and orders that have been filed and served in the State Court Action are attached hereto as Exhibit 1.

5. Plaintiff alleges that Defendant violated the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), through the use of Defendant's Respondus Monitor application. (Ex. 1 ("Compl."), ¶¶ 97-124). Specifically, Plaintiff alleges that Defendant collects, captures, stores, and disseminates Respondus Monitor student users' allegedly biometric information from within the state of Illinois without first obtaining a written release or publishing a retention schedule or guidelines for permanently destroying the information. (Compl. ¶¶ 97-111, 119-124). Plaintiff further alleges that Defendant profits from students' allegedly biometric information through its contracts with the schools, colleges, universities, and other educational institutions for the Respondus Monitor Service. (Compl. ¶¶ 112-118). Based on those allegations, Plaintiff asserts four counts of alleged violations of BIPA, in both her individual and representative capacity. (Compl. ¶¶ 97-124).

6. The Seventh Circuit holds there is Article III jurisdiction over BIPA claims like the ones Plaintiff brings in this case. *See Fox v. Dakkota Integrated Sys., LLC*, 980 F.3d 1146, 1154-55 (7th Cir. 2020) (holding there is Article III jurisdiction over claims under Section 15(a) of BIPA where plaintiff alleges unlawful retention of data)[1]; *Bryant v. Compass Group USA, Inc.*, 958 F.3d 617 (7th Cir. 2020) (holding there is Article III jurisdiction over Section 15(b) claims).

---

[1] Plaintiff alleges that the "biometric identifiers and biometric information" collected by the Respondus Monitor program can be retained "for up to four (4) years," and that "trace 'information and data' includ[ing] students' biometric identifiers and biometric information" can be retained indefinitely. (Compl. ¶¶ 57-58.) Section 15(a) requires destruction "when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

2

## II. Class Action Fairness Act Jurisdiction Pursuant to 28 U.S.C. § 1332(d)

7. Removal is proper under 28 U.S.C. § 1332(d) because the United States District Courts have original jurisdiction over any class action: (i) involving a putative class of 100 or more members; (ii) where at least one member of the plaintiff class is a citizen of a State different from any defendant; and (iii) in which the matter in controversy exceeds (in the aggregate) the sum or value of $5 million, exclusive of interest and costs. *See Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014) ("CAFA's provisions should be read broadly.").[2] Here, all three conditions are satisfied.

8. Plaintiff estimates the number of persons within the Class to be "at least in the *thousands*." (Compl. ¶ 88) (emphasis added).

9. The Class must contain at least two thousand people to constitute "thousands" of persons. Accordingly, the Class involves 100 or more members as required by 28 U.S.C. § 1332(d)(5)(B).

10. According to the allegations in the Complaint, Plaintiff is, and was at all relevant times, a resident and citizen of Illinois. (Compl. ¶ 22).

11. Defendant is a Washington corporation with its headquarters and principal place of business in Redmond, Washington.

12. Because Plaintiff is a citizen of Illinois and Defendant is a citizen of Washington, at least one member of the class of plaintiffs is a citizen of a State different from the defendant as required by 28 U.S.C. § 1332(d)(2)(A).

---

[2] By arguing that this matter is removable under 28 U.S.C. § 1332(d), Defendant does not waive any argument that this matter is improper for class certification and all such arguments are expressly reserved.

13. Because Defendant is not a citizen of the State in which the action was originally filed, removal is proper under 28 U.S.C. §§ 1332(d)(3)–(4).

14. For purposes of assessing the amount in controversy, Plaintiff's allegations are accepted as true. *See, e.g.*, *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) (noting it does not matter, for purposes of the amount in controversy, that "the complaint discloses the existence of a valid defense to the claim").

15. Plaintiff seeks "damages, attorney's fees, costs" for its four counts alleged under BIPA, "[a]n award to Plaintiff and the Class of damages, as allowed by law", and "[o]rders granting such other and further relief as the Court deems necessary, just, and proper." (Compl. ¶¶ 103, 111, 118, and 124; Compl., Prayer for Relief).

16. BIPA provides for statutory damages of up to $5,000.00 for each violation pursuant to 740 ILCS 14/20(1).

17. Plaintiff alleges she "took at least three online exams using Respondus Monitor" (Compl. ¶ 79) and defines the proposed class as "[a]ll persons who took an exam using Respondus Monitor." (Compl. ¶ 85).

18. Because Plaintiff is seeking "damages, as allowed by law," which are statutory damages of up to $5,000.00 for each alleged violation, in addition to attorney's fees, costs, and other unspecific relief, and alleges that the number of persons within the class amount to "thousands" of persons—which must be at least two thousand people—the amount in controversy exceeds $5,000,000 as required by 28 U.S.C. § 1332(d)(2).[3]

---

[3] If damages are calculated on a per-person basis and there are at least 2,000 class members, the amount in controversy would be $10,000,000, plus attorneys' fees and the value of other unspecific relief that Plaintiff seeks.

19. This matter satisfies all requirements of 28 U.S.C. § 1332(d) and is therefore removable under the Class Action Fairness Act of 2005.

### III. Diversity Jurisdiction Pursuant to 28 U.S.C. § 1332(a)

20. Pursuant to 28 U.S.C. §§ 1332(a) and 1441(b), removal is proper because there is complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds $75,000. *E.g.*, *Carroll v. Stryker Corp.*, 658 F.3d 675, 680-81 (7th Cir. 2011).

21. As noted above, Plaintiff is a citizen of Illinois, while Defendant is a citizen of Washington.

22. Because Plaintiff is a citizen of Illinois, while Defendant is a citizen of Washington, there is complete diversity of citizenship.

23. In determining whether the jurisdictional threshold amount of $75,000 is satisfied, district courts consider the totality of the relief sought, which "includes monetary damages, attorneys' fees, and 'the cost a defendant incurs in complying with injunctive relief.'" *The Home Depot, Inc. v. Rickher*, No. 06-8006, 2006 WL 1727749, at *1 (7th Cir. May 22, 2006) (quoting *Tropp v. Western-Southern Life Ins. Co.*, 381 F.3d 591, 595 (7th Cir. 2004)).

24. For purposes of assessing the amount in controversy, Plaintiff's allegations are accepted as true. *See, e.g., St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) (noting it does not matter, for purposes of the amount in controversy, that "the complaint discloses the existence of a valid defense to the claim").

25. Plaintiff alleges that she "took at least three online exams using Respondus Monitor." (Compl. ¶ 79). Plaintiff's Complaint includes four separate counts, each alleging violation of a different subsection of BIPA, 740 ILCS 15(a)–(d). (Compl. ¶¶ 97-124.)

26. Plaintiff alleges that Defendant's conduct is "negligent and reckless" under BIPA. (Compl. ¶¶ 101, 109, 116, and 122). For each of her four alleged BIPA claims under 740 ILCS 15(a)–(d), Plaintiff seeks "damages, attorney's fees, and costs." (Compl. ¶ 103, 111, 118, and 124). Plaintiff additionally seeks "[a]n award to Plaintiff and the Class of damages, as allowed by law", and "[o]rders granting such other and further relief as the Court deems necessary, just, and proper." (Compl., Prayer for Relief).

27. BIPA provides for statutory damages of up to $5,000.00 for "each violation" pursuant to 740 ILCS 14/20(1). Proper interpretation of the term "each violation" is currently unsettled, and at least one court has held that each separate use of the technology at issue may give rise to a separate "violation." *See Cothron v. White Castle Sys., Inc.*, No. 19 CV 00382, 2020 WL 4569694, at *5-7 (N.D. Ill. Aug. 7, 2020).

28. Because Plaintiff alleges that Respondus violated four different subsections of BIPA with respect to three different exams, the statutory damages she is seeking total $60,000 (4 counts x 3 tests x $5,000). BIPA also provides for recovery of attorneys' fees, and Plaintiff alleges she seeks attorneys' fees. On information and belief, Plaintiff seeks more than $15,000 in attorneys' fees and, furthermore, the value of attorneys' fees plus other unspecified relief sought in the Complaint exceeds $15,000. Therefore, the amount in controversy exceeds $75,000.[4]

---

[4] Defendant denies that BIPA allows for recovery of the statutory amount for each count under BIPA and every time that Plaintiff used Respondus Monitor. However, Plaintiff's allegations and requested relief must be accepted as true for purposes of determining the amount in controversy for purposes of removal.

29. Accordingly, both the diversity and amount-in-controversy prongs are satisfied with respect to Defendant, and removal is therefore proper under 28 U.S.C. §§ 1332(a) and 1441(b).

**IV. Venue**

30. Venue is proper in the Eastern Division of the Northern District of Illinois, because the State Court Action is pending within the jurisdictional confines of this Court. 28 U.S.C. § 1446(a).

31. Defendant will provide written notice of the filing of this Notice of Removal to Plaintiff and the Circuit Court of Cook County.

WHEREFORE, Defendant Respondus, Inc. hereby removes this civil action to this Court on the bases identified above.

Dated: December 23, 2020      RESPONDUS, INC.

By: /s/ Bonnie Keane DelGobbo

Bonnie Keane DelGobbo (bdelgobbo@bakerlaw.com)
**BAKER & HOSTETLER LLP**
One North Wacker Drive, Suite 4500
Chicago, Illinois 60606-2841
Telephone: (312) 416-6200

Joel Griswold (jcgriswold@bakerlaw.com)
**BAKER & HOSTETLER LLP**
200 South Orange Avenue, Suite 2300
Orlando, Florida 32801-3432
Telephone: (407) 649-4088

*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that she caused a true copy of the foregoing **Notice of Removal** to be served on counsel of record via First Class U.S. Mail and email on December 23, 2020, to:

Brian K. Murphy
Joseph F. Murray
Jonathan P. Misny
Murray Murphy Moul + Basil LLP
1114 Dublin Road
Columbus, OH 43215
murphy@mmmb.com
murray@mmmb.com
misny@mmmb.com

Mary C. Turke
Turke & Strauss LLP
613 Williamson Street #201
Madison, WI 53703
mary@turkestrauss.com

Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
anthony@paronichlaw.com

*Counsel for Plaintiff*

/s/ Bonnie Keane DelGobbo