UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| COURTNIE PATTERSON, individually and on behalf of all others similarly situated, | ) ) ) | Case No. 20-cv-07692 |
| Plaintiff, | ) ) ) | Hon. Rebecca R. Pallmeyer |
| v. | ) ) ) | |
| RESPONDUS, INC. and LEWIS UNIVERSITY, | ) ) ) | |
| Defendants. | ) | |

### DEFENDANT LEWIS UNIVERSITY'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

Plaintiff's opposition brief ("Opposition" or "Opp.") confirms that the Complaint against Lewis should be dismissed because Lewis is exempt from BIPA's requirements as a financial institution under the GLBA. Plaintiff asks this Court to ignore the express language of BIPA, which excludes from its protections any "financial institution **that is subject to Title V of the federal Gramm-Leach-Bliley Act.**" 740 ILCS 14/25(c) (emphasis added). Rather than consider what financial institutions are subject to the GLBA—and thereby excluded from BIPA—Plaintiff would have this Court avoid the GLBA all together and impose the "popularly understood meaning" of "financial institution," which she essentially claims are only "banks." Plaintiff's tortured interpretation of this exclusion defies the express language of the statute and established canons of statutory interpretation. The statutory language is clear, unambiguous, and bars Plaintiff's claims in this case.

Plaintiff's claims should also be dismissed because they remain time-barred, and because she has failed to sufficiently allege the requisite elements of any claim in her Complaint.

**ARGUMENT**

I. **BIPA DOES NOT APPLY TO FINANCIAL INSTITUTIONS THAT ARE SUBJECT TO TITLE V OF THE GLBA.**

The BIPA exemption at issue in this case is straightforward:

Nothing in this Act shall be deemed to apply in any manner to a financial institution or an affiliate of a financial institution that is subject to Title V of the federal Gramm-Leach-Bliley Act of 1999 and the rules promulgated thereunder.

740 ILCS 14/25(c). However, rather than accept the plain reading of this text, Plaintiff insists that BIPA "does not incorporate" a definition for "financial institution" from the GLBA. Opp. at 9. But such interpretation defies reason. There is no way to reconcile Plaintiff's argument with the fact that BIPA expressly exempts "financial institution[s] that [are] subject to [the GLBA]." The reference to "financial institution" is literally—by the text of the provision—qualified as those institutions that are "subject to" the GLBA.

In an effort to avoid the text of this exclusion, Plaintiff ignores not only the text of the provision, but also the existing case law on this issue. Instead, she directs the Court to two cases that were not interpreting "financial institution" in the context of BIPA, *see* Opp. at 10, citing *Chicago Mercantile Exch. Inc. v. Tech. Rsch. Grp., LLC*, 721 F. Supp. 2d 785, 803 (N.D. Ill. 2020) (defining the term "financial institution" in a patent case); *In re Meridian Sunrise Vill., LLC*, No. 1305503RBL, 2014 WL 909219 (W.D. Wash. Mar. 7, 2014) (defining the term "financial institution" in a loan agreement); and one stray comment from a state legislator. Plaintiff's reference to a single comment from Representative Kathleen Ryg in which she summarized the terms of the statute is insufficient to negate the plain language of the text, as a "sole comment by one legislator is of no moment" when confronted with an otherwise clear and consistent statutory interpretation. *See Schawk, Inc. v. Zehnder*, 326 Ill. App. 3d 752, 760 (1st Dist. 2001).

Plaintiff goes on to insist that "numerous courts" have construed BIPA's financial institutions exemption as limited to "only private entities commonly understood to be financial institutions." *See* Opp. at 7. But that is patently not true. Not a single case cited by Plaintiff even considered the definition of "financial institution." Plaintiff appears to believe that the defendants in the cases he cites to, such as Facebook and Google, may be "GLBA-regulated," but the financial institution exemption was not raised or addressed by the courts considering these cases. *See, e.g., Miller v. Southwest Airlines Co.*, 926 F.3d 898 (7th Cir. 2019); *Rivera v. Google Inc.*, 238 F. Supp. 3d 1088 (N.D. Ill. 2017); *Hazlitt v. Apple Inc.*, 500 F. Supp. 3d 738 (S.D. Ill. 2020), *vacated by In re: Apple Inc.*, No. 20-8033, 2021 WL 2451296 (7th. Cir. Jan. 22, 2021); *Vance v. Int'l Bus. Machines Corp.*, No. 20 C 577, 2020 WL 5530134 (N.D. Ill. Sept. 15, 2020); *Worldlaw v. Enter. Leasing Co. of Chicago, LLC*, No. 20 CV 3200, 2020 WL 7490414 (N.D. Ill. Dec. 21, 2020). On the contrary, the cases cited by Plaintiff largely consider issues such as jurisdiction and standing, which are not at issue here.

Moreover, the only Illinois court to consider the specific interpretation issue in question held that "[t]he term 'financial institution in Section 14/25(c) of the [BIPA] means any entity that is subject to the [GLBA]." *See, e.g., Doe v. Elmhurst*, 2020 L 1400 (Cir. Ct. DuPage), attached as **Exhibit A**. And while this precise issue has yet to be addressed by any other court, there are two other federal court decisions that similarly suggest that BIPA excludes financial entities subject to the GLBA. *See, e.g., Bryant v. Compass Group, USA, Inc.,* 2020 WL 7013963 at *3 (N.D. Ill. Nov. 29, 2020) (noting that "[t]he General Assembly likely excluded financial institutions because they are already subject to a comprehensive privacy protection regime under federal law" and referencing the GLBA); *Stauffer v. Innovative Heights Fairview Heights, LLC*, 480 F. Supp. 3d 888, 903 (S.D. Ill. 2020) (noting that "BIPA's financial institution exemption is explicit in that

BIPA does not apply to financial institutions already subject to GLBA."). Contrary to Plaintiff's insistence otherwise, the court in *Stauffer* did not adopt a "two-step inquiry" in which it bifurcated the issues of whether defendant was a "financial institution" and then, separately, whether it was subject to the GLBA. Instead, the court simply considered the FTC's guidance on the subject and applied it to the defendant. In *Elmhurst*, *Stauffer*, and *Bryant*, the courts necessarily incorporated the GLBA's definition of "financial institution" into Section 14/25(c) of BIPA.

As Plaintiff concedes, statutory interpretation starts with plain meaning, and plain meaning often includes the incorporation of one statute into another by reference—as it does here.[1] *See People v. Murray,* 2019 IL 123289 (Ill. 2019); *People v. Lewis*, 5 Ill. 2d 117 (Ill. 1955) (finding it is a familiar legislative process to incorporate one statute into another by reference); *In re Jarquan B.*, 2017 IL 121483, ¶ 61 (Ill. 2017); *Evans v. Illinois Sur. Co.*, 298 Ill. 101, 106 (Ill. 1921) (same); *see also, e.g., Vo v. VSP Retail Dev. Holding, Inc.*, No. 19 C 7187, 2020 WL 1445605, at *2 (N.D. Ill. Mar. 25, 2020), *appeal dismissed*, No. 20-1684, 2020 WL 9423244 (7th Cir. Nov. 19, 2020) (incorporating defined terms from HIPAA into BIPA due to reference to HIPAA healthcare exemption); *see Diaz v. Silver Cross Hosp. & Med. Ctrs.*, No. 2018 CH 001327 (Cir. Ct. of Ill. Will Cnty.) (same); *Bruhn v. New Alberton's, Inc.*, No. 2018 CH 01737 (Cir. Ct. of Ill. Cook Cnty.) (same).

### A. Adopting Plaintiff's Interpretation Would Render BIPA's Reference to the GLBA Superfluous.

Not only is it appropriate to incorporate by reference the GLBA's definition of "financial institution" into Section 14/25(c)—it is necessary. This is because not doing so would require the

---

[1] Indeed, although Plaintiff argues strenuously against the use of the GLBA's definition of "financial institution," she later comfortably relies on the GLBA's definition of "consumer" in an attempt to extricate Lewis from the exemption under Section 14/25(c). Opp. at 7. Plaintiff cannot have it both ways.

Court to interpret the term in isolation and out of context and would render all reference to the GLBA superfluous. *Brucker v. Mercola*, 227 Ill. 2d 502, 513 (Ill. 2007) ("Each word, clause and sentence of the statute, if possible, must be given reasonable meaning and not rendered superfluous."); *Carver v. Sheriff of La Salle County*, 203 Ill.2d 497, 507–08 (Ill. 2003) ("Since all provisions of a statutory enactment are viewed as a whole, we do not construe words and phrases in isolation; instead, they are interpreted in light of other relevant portions of the statute.") By placing microscopic focus on the term "financial institution" without any consideration of the remaining words in the clause—"that is subject to Title V of the [GLBA]"—Plaintiff glosses over the clear context of the statute, which invites and requires this Court to draw upon the definition of "financial institution" as it is provided in the GLBA.

By arguing that "financial institution" should be given its "popularly understood meaning," Plaintiff would have this Court completely ignore portions of the statute. Reading it as a whole, Section 14/25(c) provides that "nothing in this Act" applies "in any manner" to a "financial institution" if the financial institution is "subject to [the GLBA]." 740 ILCS 14/25(c). "Financial institution" must be read in context with the language that follows it. 740 ILCS 14/25(c). Plaintiff offers no alternative explanation for why Section 14/25(c) would even mention the GLBA if it was not intended to inform the meaning of the term "financial institution." Her interpretation would render portions of the statute superfluous, so it is not an interpretation that this Court may adopt.

### B. Legislative Intent Confirms That Section 14/25(c) Was Intended To Incorporate The GLBA's Definition Of "Financial Institution" To Avoid Federal Preemption.

Even if the Court finds the language of Section 14/25(c) to be ambiguous and considers extrinsic sources to aid its construction, that analysis only provides further confirmation that the legislature intended to incorporate the GLBA's definition of "financial institution." This is because Section 14/25(c) was almost certainly designed with the purpose of avoiding federal preemption

challenges, which in turn would *require* the statute to incorporate the GLBA's definition of "financial institution."

Plaintiff concedes the anti-preemption purpose of Section 14/25(c), but argues that the purpose of the exemption was so that only "banks would be exempt." Opp. at 10. This does not square with the Legislature's decision to include express reference to the GLBA—which applies to more than just "banks"—nor does it square with the anti-preemption purpose of the statute—which would leave BIPA vulnerable to preemption if other entities subject to the GLBA remained subject to BIPA. If Section 14/25(c) did *not* exempt all "financial institutions" as defined by the GLBA, then BIPA would still be exposed to risk of potential federal preemption, contradicting the very purpose of the statute. This Court should not—as Plaintiff suggests—reinterpret statutory provisions by including "exceptions, limitations, or conditions that conflict with the clearly expressed legislative intent." *Metropolitan Life Insurance Co. v. Hamer*, 2013 IL 114234, ¶ 18.

Instead, this Court should construe BIPA in a manner that preserves BIPA's constitutionality and eliminates any risk of federal preemption challenges. Indeed, if the statute were intended to avoid preemption concerns, then it *necessarily* adopts the FTC's definition of "financial institution" or it simply would not address those concerns. Plaintiff's suggestion would require that the Legislature intended to mitigate *some* federal preemption concerns, but still allow for others. This would be self-defeating and would result in unfair applications of the statute, where entities are exempted from the statute based on an arbitrary standard. Illinois courts must presume that the General Assembly did not intend absurdity, inconvenience, or injustice. *Dynak v. Bd. of Educ. of Wood Dale Sch. Dist. 7*, 2020 IL 125062, ¶ 16 (Ill. 2020).

Plaintiff's argument that the GLBA exemption somehow conflicts with BIPA's remedial purpose is misguided. While the statute itself may be remedial, the legislature had a clear purpose

with respect to section 14/25(c)—to avoid preemption. Plaintiff cites to no authority to support the conclusion that BIPA's remedial purpose requires an interpretation of Section 14/24(c) that does not incorporate the GLBA's definition of "financial institution."

Plaintiff argues that through Lewis' proposed construction, the "exception would swallow the rule," but her own proposed interpretation would defeat the fundamental purpose of the statute. Moreover, far from swallowing the rule, there are clearly still many entities that remain subject to BIPA. Plaintiff herself provides a list of non-university defendants to BIPA lawsuits that have survived the pleading stage, such as Facebook, Google, Apple, Enterprise Rental, and Southwest Airlines. Opp. at 7. It almost goes without saying that there are numerous lawsuits brought pursuant to BIPA wherein defendants are not even raising a defense under the GLBA. In short, the slope is not as slippery as Plaintiff suggests.

### C. BIPA is Not Unconstitutional Special Legislation.

Plaintiff warns against interpretations of BIPA that would constitute unconstitutional special legislation, but her own proposed alternatives are defeated by this concern. Plaintiff acknowledges that the purpose of the special legislation clause is to prevent *arbitrary* legislative classifications that unfairly favor or harm a select group without a "sound, reasonable basis." *Best v. Taylor Mach. Works*, 689 N.E.2d 1057, 1069 (Ill. 1997). But as noted above, Plaintiff herself asks this Court to rule that when drafting BIPA, the Illinois Legislature arbitrarily included *all* schools, excluded *all* banks, and selectively excluded "financial institutions" pursuant to its "popularly understood meaning." Plaintiff does not provide any rational basis for any of these categorical choices, nor is there any legislative or judicial insight in that regard. This is unsurprising, because Plaintiff's proposed construction is rife with inconsistent and arbitrary applications, which would very likely be unconstitutional special legislation.

Plaintiff's own asserted definition is not even internally consistent. Although she argues that Section 14/25(c) should not exempt "the entire financial industry," she then proposes that "national banks or local credit unions" can comfortably be exempted. Opp. at 4, 10. Plaintiff offers no explanation or suggested rational basis for why the Court should consider these entities to be rightfully excluded from BIPA without further thought, while all remaining "financial institutions" cannot be considered exempt. Indeed, if the statute arbitrarily exempted banks and the financial sector from BIPA's requirements, that would likely implicate the special legislation clause.

Both parties have already recognized a sound, reasonable basis for Section 14/25(c)—avoiding federal preemption. Far from being arbitrary and unconstitutional, the GLBA exemption is *necessary* to avoid disharmony with federal law. If the Court were to adopt Plaintiff's interpretation, then Section 14/25(c) would be nothing more than a random handout to certain entities in the financial industry, chosen solely based on whether they satisfy the dictionary definition of "financial institution."

The Court should harmonize the plain text of BIPA with its stated legislative purpose by applying the GLBA's definition of "financial institution." Doing so not only avoids federal preemption concerns, but it also provides a rational basis for Section 14/25(c) that addresses Plaintiff's concerns about arbitrary rulemaking in violation of the special legislation clause. *See, e.g., Bryant*, 503 F. Supp. 3d 597, 601 (N.D. Ill. 2020) (BIPA is not unconstitutional special legislation)*; Stauffer*, 480 F. Supp. 3d at 903 (S.D. Ill. 2020) (finding that BIPA is not special legislation and noting that not a single other court has held otherwise).

## II. LEWIS IS A FINANCIAL INSTITUTION THAT IS SUBJECT TO THE GLBA AND EXEMPT FROM BIPA.

Once the Court concludes that BIPA is intended to and does exempt all entities that are "financial institutions" as defined by the GLBA, the only remaining issue is whether Lewis is such

a "financial institution." Because the GLBA extends to colleges and universities that engage in financial lending, and Lewis is one such university (one which has been actively complying with the GLBA for years), there is no question that Lewis is a "financial institution" that is subject to the GLBA, and therefore exempt from BIPA.

### A. All Federal Guidance, Courts, And Administrative Authorities To Consider The Issue Agree That Universities And Colleges Like Lewis Are "Financial Institutions" Under The GLBA.

Plaintiff does not dispute that federal guidance provides that post-secondary schools are considered "financial institutions" that are subject to the GLBA. Instead, Plaintiff contends only that FTC regulations make "clear" that *not all* institutes of higher education are "financial institutions" as defined by the GLBA. But this is not accurate. On the contrary, the FTC states that "many, *if not all*" universities and colleges are subject to the GLBA, *especially* if they are "engaged in lending funds to consumers." Federal Trade Commission, Privacy of Consumer Financial Information; Final Rule, 65 Fed. Red. 33648 (May 24, 2000) (emphasis added). Far from limiting its application, the FTC has made clear that any educational institution that engages in lending is a financial institution, and anything otherwise is the exception, not the rule. Indeed, Plaintiff does not identify a single case or publication in which an exception is made and an institution of higher education like Lewis is *not* found to be a "financial institution" subject to the GLBA.

In the decade since the FTC issued the Final Rule mentioned above, it has only become clearer that that "institutions of higher education (institutions) are financial institutions under the GLBA." Feb. 28, 2020, available at https://fsapartners.ed.gov/knowledge-center/library/electronic-announcements/2020-02-28/enforcement-cybersecurity-requirements-under-gramm-leach-bliley-act (last accessed June 4, 2021). The FTC's guidance classifying post-secondary educational institutions as "financial institutions" is no doubt the reason Plaintiff argues

Page 9 of 15

so fervently that the GLBA's definition of financial institutions should not apply at all in the context of BIPA. However, as already discussed above, Plaintiff's argument fails because BIPA was clearly drafted to incorporate this defined term and its surrounding federal guidance.

### B. Lewis, Like All Other Universities That Offer Federal Financial Aid Services, Is A "Financial Institution" That Is Subject To The GLBA.

Plaintiff does not seriously dispute that Lewis is a "financial institution" and "subject to GLBA regulation." The record before the Court fully permits it to conclude as a matter of law that Lewis is a "financial institution" that is subject to the GLBA and is therefore exempt from Plaintiff's claims. Not only is the FTC rulemaking and Department of Education guidance much clearer and more certain than Plaintiff suggests, but the Court is able to take judicial notice of additional facts to make a specific finding that Lewis is a GLBA-covered entity.

The lone, out-of-state case Plaintiff cites to the contrary does not actually support her position. *New York State Bar Ass'n v. Fed. Trade Comm'n*, 276 F. Supp. 2d 110, 114 (D.D.C. 2003). On the contrary, the referenced opinion cites to the same Final Rule cited by Lewis, which provides that "institutions of higher education that are complying with FERPA to protect the privacy of their student financial aid records will be deemed to be in compliance with the [GLBA]." 65 Fed.Reg. 33,646, 33,648 (May 24, 2000). And a plain reading of the opinion confirms that the court did not find educational institutions to be exempt from the GLBA altogether, but rather that they were exempt from the technical regulatory reporting requirements established by the GLBA because they already comply with FERPA's privacy regulations. In other words, educational institutions *are* all subject to the GLBA, but are "exempt" from its reporting requirements because they would be duplicative of those already established by FERPA. At bottom, Plaintiff has failed to identify—and Lewis is not aware of—a single court opinion, federal regulation, or administrative interpretation that supports Plaintiff's position.

Notably absent from Plaintiff's Opposition is any specific discussion of Lewis or the publicly available evidence that it complies with FERPA. FERPA applies to post-secondary educational institutions that receive federal funds under any federally administered program. 34 CFR § 99.1(a). Lewis has demonstrated through publicly available federal records that it is one such institution. Motion at 5-7. Plaintiff does not even disagree, but instead simply asks the Court to disregard that evidence in the public record. Opp. at 6. However, Lewis has already provided the authority that confirms the Court may properly take note of the public records and websites that confirm Lewis' FERPA-compliant status, and by extension its status as a financial institution. *Denius v. Dunlap*, 330 F.3d 919, 926 (7th Cir. 2003) (court may take judicial notice of internet website so long as Rule 201(b) was satisfied); *Goplin v. WeConnect, Inc.*, 893 F.3d 488, 491 (7th Cir. 2018) (court can take judicial notice of defendant's website); *LaBella Winnetka, Inc. v. Vill. of Winnetka*, 628 F.3d 937, 944 n. 3 (7th Cir.2010) (same); *Laborers' Pension Fund v. Blackmore Sewer Constr., Inc.*, 298 F.3d 600, 607 (7th Cir.2002) (same); s*ee People v. Crawford*, 2013 IL App (1st) 100310, 118 n.9 (same). By accepting this publicly available information—which this Court may freely do—it can easily conclude that Lewis is a postsecondary educational institution that offers federal loans and is therefore a "financial institution" that is subject to the GLBA. As described in the Final Rule, Lewis' compliance with FERPA provides further evidence that Lewis is both subject to and complying with the GLBA.

Plaintiff does not dispute that Lewis offers federal loans, complies with FERPA, and is a financial institution subject to the GLBA—she argues only that the "record does not support" such a finding. But she is wrong. Lewis has presented ample support to demonstrate that it is a "financial institution" that is subject to the GLBA. Because Plaintiff can offer no serious opposition to these facts, her claims must be dismissed with prejudice.

### III. THE ONE-YEAR PRIVACY STATUTE OF LIMITATIONS APPLIES TO BIPA AND BARS PLAINTIFF'S CLAIMS.

Even if Plaintiff's claims were not barred by the GLBA, which they are, this Court should dismiss this case based on the applicable one-year statute of limitations. Plaintiff's attempts to classify her BIPA claims as "informational" simply do not avail, because the heart of the Biometric Information *Privacy* Act is to protect the privacy of individuals. *Bryant v. Compass Grp. USA, Inc.*, 958 F.3d 617, 621 (7th Cir. 2020), *as amended on denial of reh'g and reh'g en banc* (June 30, 2020) (noting that BIPA "codified that individuals possess a right to privacy in and control over their biometric identifiers and biometric information"). Plaintiff dismisses the Illinois Supreme Court's analysis in *W. Bend Mut. Ins. Co. v. Krishna Schaumburg Tan, Inc.*, 2021 IL 125978, ¶¶ 14-15 (May 20, 2021), but its analysis remains wholly applicable to this Court's determination of which statute of limitations should apply. The Illinois Supreme Court has made clear that a BIPA violation can be a publication, and the Illinois Court of Appeal's pending consideration of *Tims v. Black Horse Carriers, Inc.*, No. 1-20-0562, on appeal erodes Plaintiff's claim that a pattern has emerged among Illinois courts. This Court should consider the clear privacy rights at issue in BIPA and Plaintiff's claims and find that a one-year statute of limitations should apply.

### IV. PLAINTIFF HAS STILL FAILED TO ADEQUATELY ALLEGE HER BIPA CLAIMS.

Even if Plaintiff's claims were not subject to dismissal for the reasons set forth above, which they are, she has still failed to adequately allege her claims.

#### A. Plaintiff Has Failed To Allege That Lewis "Possessed" Her Biometric Data.

Plaintiff's failure to allege that Lewis was "in possession" of her biometric identifiers or biometric information is fatal to all her claims, including her claims under Section 15(b). Plaintiff cites to *Heard*, but there the Court *dismissed* allegations like those at issue here. The allegations

relied upon by Plaintiff simply do not establish that Lewis ever controls or accesses biometric data. The Amended Complaint does not ever allege what kinds of data are collected by Lewis or how it comes to be stored by Lewis. Indeed, Plaintiff admits that there are no "direct" allegations to that effect. Opp. at 17. Plaintiff fails to meet this foundational evidentiary burden, and all her claims are subject to dismissal.

### B. Plaintiff Has Failed To Allege That Lewis Ever "Collected" Biometric Data.

Plaintiff offers no substantive argument in support of her Section 15(b) claims, and instead argues that Lewis' interpretation of Section 15(b) is "far too narrow." Opp. at 17. But Lewis' interpretation of Section 15(b) is simply a recitation of the current authority. The Amended Complaint's allegations are just as factually sparse and deficient as those that were dismissed in *Namuwonge* and *Hazlitt*. In *Figueroa*, the lone case cited by Plaintiff, the court did not even address the sufficiency of the allegations, but only considered whether Section 15(b) violations extended to vendors of the hardware who did not themselves "actively collect" biometric data. *Figueroa v. Kronos Inc.*, 454 F. Supp. 3d 772, 784 (N.D. Ill. 2020). That is not at issue here, so the decisions cited by Lewis remain controlling. Plaintiff's Section 15(b) claim must be dismissed.

### C. Illinois Courts Have Rejected Similar Theories Of Alleged "Profits" Under Section 15(c)

Plaintiff's contrived claim under Section 15(c) fails, because even her overbroad interpretation of "otherwise profit" is not sufficiently alleged in the Amended Complaint. In *Hazlitt*, the defendant allegedly profited from the sale of a device that was specifically marketed for its ability to use biometric data to sort photographs. *See Hazlitt v. Apple Inc.*, No. 3:20-CV-421-NJR, 2020 WL 6681374, at *7 (S.D. Ill. Nov. 12, 2020). The court still dismissed the plaintiff's claim as a "general" form of profit from biometric data. Even in the authority cited by Plaintiff, the court required the collected data to be a "necessary element to Defendant's business

model." *Flores v. Motorola Sols., Inc.*, No. 1:20-CV-01128, 2021 WL 232627, at *3 (N.D. Ill. Jan. 8, 2021). Nowhere does the Amended Complaint make this allegation. In short, Plaintiff has not, and cannot, allege any particularized harm under Section 15(c), and even her overly broad construction of "otherwise profit" does not save her claim.

### D. Plaintiff Has Failed To Allege That Lewis Ever "Disclosed" Biometric Data.

The Amended Complaint does not allege a single fact regarding when, how, or to whom Lewis allegedly disclosed Plaintiff's biometric data. Even in her Opposition, Plaintiff acknowledges that the most favorable construction of the Amended Complaint is that Lewis has "the right" to access and share the allegedly collected biometric data. Opp. at 19. Plaintiff provides no detail about Lewis' alleged "disclosure," which is fatal to her Section 15(d) claim. The case law relied upon by Plaintiff is unavailing—Illinois courts have required a stronger factual showing than what is alleged here. *Namuwonge*. *Namuwonge*, 418 F. Supp. 3d at 285 (dismissing plaintiff's "speculative allegations" that failed to "plausibly suggest" a disclosure of data); *Taha v. Int'l Bhd. of Teamsters, Loc. 781*, 947 F.3d 464, 469 (7th Cir. 2020); *Heard*, 440 F. Supp. 3d at 969.

### CONCLUSION

For the reasons set forth herein, Lewis University moves this court to dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and for any other relief the Court deems just and proper.

Dated: August 9, 2021   Respectfully submitted,

*/s/ Colette L. Kopon*
Colette L. Kopon (ckopon@koponairdo.com)
David A. Pestell (dpestell@koponairdo.com)
Kopon Airdo, LLC
111 East Wacker Drive, Suite 500
Chicago, IL 60601
312-506-4450
*Counsel for Lewis University*

**CERTIFICATE OF SERVICE**

  I, David A. Pestell, hereby certify that I electronically filed Lewis' Reply in Support of its Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) with the Clerk of Court using the CM/ECF system on August 9, 2021.

               */s/ David A. Pestell*
               David A. Pestell