UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COURTNIE PATTERSON, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| RESPONDUS, INC. and LEWIS UNIVERSITY, | ) ) ) ) |
| Defendants. | ) |

Case No. 20-cv-07692

Hon. Rebecca R. Pallmeyer
Magistrate Judge Young B. Kim

**RESPONDUS, INC.'S RESPONSE TO PLAINTIFF'S SUR-REPLY REGARDING
DEFENDANT'S RULE 12(B)(6) MOTION TO DISMISS**

**A.  Plaintiff Has Not Demonstrated Procedural Unconscionability.**

As an initial matter, Plaintiff's sur-reply offers no reason why she did not raise her additional procedural unconscionability arguments in her original opposition brief.  (*See generally* Doc. 65-1.)  Plaintiff could have raised these arguments earlier and, accordingly, these new arguments are waived.  *See, e.g.*, *United States v. Fluker*, 698 F.3d 988, 1004 (7th Cir. 2012) (new arguments not raised until reply brief should be deemed waived absent exceptional circumstances). In any event, Plaintiff's new arguments still do not demonstrate procedural unconscionability.

Plaintiff argues that she sufficiently alleged procedural unconscionability based on very generalized allegations that her courses "'required the use of Respondus Monitor'" and that Plaintiff did not have "'a meaningful choice.'"  (Doc. 65-1 at 2 (quoting Doc. 12 ¶¶ 98-100).) However, as Respondus pointed out in its reply, the mere fact that a contract is offered on a take-it-or-leave-it basis does not demonstrate procedural unconscionability, and Plaintiff did not allege that she asked her instructors or her school to take exams via different means and those requests were denied. (Doc. 63 at 1-4.)  In fact, the portion of the Terms of Use that Plaintiff quotes for the

1

first time in her sur-reply recognizes that Plaintiff *could* have discussed alternative options with her school. (Doc. 65-1 at 2 ("'opting-out may affect how you will need to complete your course…'"). Based on the lack of any factual allegations in the Complaint, it appears that Plaintiff chose not to do so.

Plaintiff's assertions in her sur-reply that the choice-of-law provision was "buried in fine print" are not supported by the Terms of Use themselves, which Plaintiff attached to the Complaint and which Plaintiff agrees must be considered on this motion to dismiss. (Doc. 65 at 3.) Even a cursory review of the Terms of Use attached to the Complaint makes plain that all substantive terms are presented in exactly the same font size and in a document that consists exclusively of the complete Terms of Use. (Doc. 1-1 at Exhibit A.) This is entirely unlike the case Plaintiff cites in her sur-reply, where the warranty term sought to be enforced was contained in a completely separate document from the sales contract Plaintiff signed, the sales contract did not "even mention[] the warranty," and there was no indication the warranty had even "been made available to the plaintiff at or before the time she signed the sales contract." *Razor v. Hyundai Motor Am.*, 222 Ill.2d 75, 100-01 (2006).

Plaintiff's argument that the Terms of Use "include confusing and arguably conflicting choice of law provisions" conveniently ignores the actual language of the Terms of Use. (Doc. 65-1 at 3-4.) The Terms of Use has one section entitled "REQUIREMENTS OF YOUR INSTITUTION (e.g., your school)" which specifies that it governs "your relationship with your institution." (Doc. 1-1 at PageID# 35-36.) The choice-of-law provision in that section states that it applies to "[a]ll legal issues arising from or related to the use of Respondus Monitor between you and your institution." (Doc. 1-1 at PageID# 36.) The Terms of Use contain a separate section entitled "LICENSE REQUIREMENTS PROVIDED BY RESPONDUS" that states in the very

first sentence: "To the extent any terms below conflict with any terms under the REQUIREMENTS OF YOUR INSTITUTION above, the terms above shall govern with respect to your relationship with your institution and the terms below shall govern with respect to your relationship with Respondus." (Doc. 1-1 at PageID# 37.) The choice-of-law provision in that section states that it applies to "[a]ll legal issues arising from or related to the use of Respondus Monitor between you and Respondus." (Doc. 1-1 at PageID# 39.) There is nothing confusing or conflicting about these provisions when the contract is read as a whole. To the contrary, the only choice-of-law provision relevant to Respondus motion—the one governing "[a]ll legal issues arising from or related to the use of Respondus Monitor between you and Respondus"—makes clear that Washington law governs Plaintiff's dispute with Respondus.

Plaintiff next argues that procedural unconscionability "is a question of fact" that should not be resolved at the motion to dismiss stage. (Doc. 65-1 at 5.) However, "[a] determination of whether a contractual clause is unconscionable is a matter of law to be decided by the court." *Razor*, 222 Ill.2d at 99. As explained in Respondus' reply brief (Doc. 63 at 1-5) and above, there simply are no factual allegations in the Complaint—even when viewed in the light most favorable to Plaintiff—which support a finding of procedural unconscionability. Thus, Plaintiff's arguments concerning procedural unconscionability can and should be rejected as a matter of law. *See, e.g.*, *Darne v. Ford Motor Co.*, No. 13 C 03594, 2015 WL 9259455, at *8 (N.D. Ill. Dec. 18, 2015) (granting Rule 12(b)(6) motion to dismiss and rejecting procedural unconscionability arguments where plaintiffs failed to alleged facts plausibly supporting procedural unconscionability); *Al Maha Trading & Contracting Holding Co. v. W.S. Darley & Co.*, 936 F. Supp. 2d 933, 945 (N.D. Ill. 2013) (same).

### B. *Sosa* Is Irrelevant

Plaintiff asks the Court to reject Respondus' argument that the Washington choice-of-law provision in the Terms of Use precludes Plaintiff's BIPA claims because Respondus "has not made a showing that the choice of law will make a difference in the outcome," citing *Sosa v. Onfido, Inc.*, 8 F.4th 631 (7th Cir. 2021). (Doc. 65-1 at 6.) *Sosa*, however, is completely irrelevant to the choice-of-law issue raised in this case. *Sosa* addressed whether the law specified in a contract's choice-of-law provision should govern the question of whether a non-signatory third party could enforce that contract under several different common law theories. *Sosa*, 8 F.4th at 637. The court held that the non-signatory third party "fail[ed] to demonstrate any conflict between Illinois and Washington law" concerning non-signatory contractual enforcement tests and "the district court properly applied Illinois law." *Id.* at 638.

Here, in contrast, it is undisputed that Plaintiff agreed to the Terms of Use (*e.g.*, Compl. ¶¶ 43, 82), and that the Terms of Use contain a Washington choice-of-law provision (Doc. 1-1 at PageID# 39). In other words, it is undisputed that Plaintiff and Respondus are parties to a contract which specifies that Washington law governs disputes between them. Moreover, one of the bases for Respondus' motion to dismiss is that Plaintiff cannot bring claims under BIPA because BIPA is an Illinois law, and the Terms of Use specify that Washington law applies to all disputes between Plaintiff and Respondus. (Doc. 49 at 5-10; Doc. 63 at 1-10.) Recognizing the significance of the choice-of-law issue, Plaintiff spent roughly half her opposition brief arguing that she should be allowed to bring BIPA claims because Illinois law should apply (Doc. 57 at 2-10) and has now filed a 7-page sur-reply exclusively focusing on the argument that Illinois law should apply to her claims (Doc. 65-1). It could not be more obvious that choice-of-law is outcome-determinative with respect to Respondus' argument that Plaintiff cannot bring claims under BIPA because Washington law applies. If Washington law applies, Plaintiff's BIPA claims must be dismissed

4

with prejudice and this case is over. Plaintiff's argument concerning *Sosa* is frivolous and can be easily rejected.

## CONCLUSION

Respondus' Rule 12(b)(6) Motion to Dismiss should be granted for all the reasons above and in Respondus' earlier briefing.

Dated: September 21, 2021         RESPONDUS, INC.

By: /s/ Bonnie Keane DelGobbo

Bonnie Keane DelGobbo (bdelgobbo@bakerlaw.com)
Amy L. Lenz (alenz@bakerlaw.com)
**BAKER & HOSTETLER LLP**
One North Wacker Drive, Suite 4500
Chicago, Illinois 60606-2841
Telephone: (312) 416-6200

Joel Griswold (jcgriswold@bakerlaw.com)
**BAKER & HOSTETLER LLP**
200 South Orange Avenue, Suite 2300
Orlando, Florida 32801-3432
Telephone: (407) 649-4088

*Counsel for Defendant*

4848-0893-7467.1

## CERTIFICATE OF SERVICE

      The undersigned, an attorney, certifies that she filed and served the foregoing document via the Court's CM/ECF system, which will send notice of the filing to all counsel of record. Parties may access the filing through the Court's CM/ECF system.

                                                         /s/ Bonnie Keane DelGobbo

4848-0893-7467.1